UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 4:20-CR-394 |
| | § | |
| JAKE BOORIGIE, | § | |
| *Defendant.* | § | |

**Motion to Suppress Statements**

TO THE HONORABLE DAVID COUNTS:

**Introduction**

Jake Boorigie moves to suppress the statements he made in his second interview with agent Coleman Boring. In resolving this motion, the Court need address only one straightforward issue:

> Courts have consistently held that a suspect may not be subject to additional police-initiated interrogation once he has unambiguously invoked his right to remain silent. After arresting Boorigie, Boring interviewed him twice. During the first interview, Boorigie stated, "I don't want to talk." Boring ended the interview. When other avenues of investigation did not bear fruit, Boring initiated a second interview with Boorigie. Must the statements made in the second interview be suppressed?

**Facts[1]**

After arresting Boorigie and Coleman Geers for attempting to transport illegal aliens, agent Boring interviewed Boorigie first. Boorigie stated that he and Geers had traveled to Presidio for an innocent purpose—transporting Boorigie's son to his mother's house as part of a joint-custody arrangement. He denied

---

[1] For a fuller recitation of the facts at issue in this case, see Defendants' Joint Motion to Dismiss the Indictment, Doc. 23.

1

transporting and dropping people off south of the checkpoint. When asked multiple times for specifics about his travel in Presidio, Boorigie explained that he and Geers had not planned their trip thoroughly, "It was a as-you-go kind of deal." When Boring pressed him further, Boorigie stated, "I don't want to talk." Boring stopped the first interview.

Agent Boring then interviewed Geers, who also invoked his rights. Boring tried again to speak with Boorigie. Specifically, Boring writes, "Approximately 25-30 minutes [after the first interview], Boorigie was asked if he'd like to speak with me again. Boorigie said 'Okay' and agreed to speak with me." During the second interview, Boorigie made statements that inculpated himself in the smuggling attempt.

The government has indicted Boorigie and Geers for transporting aliens who had illegally crossed in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).

1.  **Agent Boring violated Boorigie's Fifth Amendment rights by asking him to make additional statements after Boorigie had invoked his right to remain silent.**

"In *Miranda v. Arizona*, the [Supreme] Court determined that the Fifth . . Amendment['s] prohibition against compelled self-incrimination required that custodial interrogation be preceded by advice to the putative defendant that he has a right to remain silent . . . . If the accused indicates that he wishes to remain silent, 'the interrogation must cease.'" *Edwards v. Arizona*, 451 U.S. 477, 481-82 (1981) (quoting *Miranda v. Arizona*, 384 U.S. 436, 474 (1966)).

In *Edwards*, the defendant asserted his rights to remain silent and to counsel. But the police, without providing counsel, returned the next morning to further confront him and secured incriminating statements. 451 U.S. at 482. The Supreme Court held that "when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of [his right to remain silent] cannot be established by showing only that he responded to further police-initiated custodial interrogation . . . ." *Id.* at 484; *see also Berghuis v. Thompkins*, 560 U.S. 370,

381 (2010) ("[T]here is no principled reason to adopt different standards for determining when an accused has invoked the *Miranda* right to remain silent and the *Miranda* right to counsel . . . .").

In *Thompkis*, the defendant "did not say he wanted to remain silent or that he did not want to talk with the police. Had he made either of these simple, unambiguous statements, he would have invoked his right to cut off questioning." *Id*. at 382.

Here, Boorigie clearly said, "I don't want to talk." Agent Boring appropriately ended the interview. Boorigie had invoked his right to cut off questioning. Boring attempted to pursue other avenues of investigation—like interviewing Geers—which were unsuccessful. Without prompting from Boorigie, Boring interviewed him a second time. The statements Boring acquired during the second interview must be suppressed. *Jones v. Harrington*, 829 F.3d 1128, 1139-40 (9th Cir. 2016) (holding that suspect's statement, "I don't want to talk no more" was unambiguous on its face").

## Conclusion

By initiating the second interview, agent Boring violated Boorigie's rights. The statements made during the second interview must be suppressed along with any fruits garnered from them. *Wong Sun v. U.S.*, 371 U.S. 471 (1963).

    Respectfully submitted,

    MAUREEN SCOTT FRANCO
    Federal Public Defender

    /S/ Shane O'Neal
    SHANE O'NEAL
    Assistant Federal Public Defender
    108 N. 10th Street
    Alpine, Texas 79830
    (432) 837-5598
    (432) 837-9023 – fax
    Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

AUSA Eduardo Mendoza  
United States Attorney's Office  
Alpine Division  
2500 North Hwy, 118  
Suite A200  
Alpine, Texas 79830

                                        /S/ Shane O'Neal  
                                        SHANE O'NEAL  
                                        Attorney for Defendant

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br><br>v.<br><br>JAKE BOORIGIE,<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | 4:20-CR-394 |

## Order Suppressing Statements

The statements Jake Boorigie made during his second interview with agent Coleman Boring and any fruits of them are suppressed.

Singed on the ___ day of October, 2020.

_____
DAVID COUNTS
UNITED STATES DISTRICT COURT JUDGE